NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAL SHAREEF EL, | Civil Action No. 22-2421 (RMB-EAP) |
| Plaintiff, | |
| v. | OPINION |
| KEVIN R. MOSES, et al, | |
| Defendants. | |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court for *sua sponte* screening of a pro se civil rights complaint (Compl., Docket No. 1) filed by Plaintiff Kal Shareef El. For the reasons discussed below, the Court will dismiss the complaint and grant leave to file an amended complaint.

I.   BACKGROUND

On or about April 27, 2022, Plaintiff Kal Shareef El, a pretrial detainee confined in the Atlantic County Justice Facility, filed a pro se complaint and summons was issued against the defendants upon his payment of the filing fee. Pursuant to a Notice of Call for Dismissal, this Court closed the matter on July 21, 2022, because Plaintiff failed to timely serve the defendants pursuant to Federal Rule of Civil Procedure 4(m). (Notice of Call, Docket No. 3; Order, Docket No. 4.) On August 3, 2022, Plaintiff

1

filed summons returned as executed[1] on June 29, 2022, as to defendants Nancy Ridgeway, Cary Shill, and Harlee Stein. (Docket No. 5.)

## II.     SUA SPONTE SCREENING FOR DISMISSAL

Plaintiff is a prisoner who seeks redress from a governmental entity or officer or employee of a governmental entity; therefore, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A(b), which requires this Court to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] This Court makes no finding on whether service was proper.

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). *Pro se* pleadings must be liberally construed, but *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

### A. The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 over his complaint, which arises out of Plaintiff's arrest on December 17, 2020, in Absecon, New Jersey, and his subsequent prosecution. (Compl., Docket No. 1.) Plaintiff alleges the following. On December 17, 2020, Officer Benjamin D. Masino III ("Officer Masino) responded to a call about a disturbance at Plaintiff's home. Plaintiff entered the home by kicking the door because his fiancée had locked the chain link from inside. Plaintiff argued with his fiancée about locking him out, and she called 9-1-1. Officers Joseph E. Akeret, Michael C. Losasso, and Keith G. Epstein ("Officers Akeret, Losasso and Epstein") also responded to the disturbance. Plaintiff spoke to them, denied them entrance, and left his residence shortly thereafter. The officers returned after Plaintiff left and convinced Plaintiff's fiancée to follow them to the Absecon police department. At the police department, she told the officers that she did not want to bring charges, but

3

Officer Masino threatened to bring charges against her if she refused to give a statement about "weapons and assaults that never happened." She then gave a statement but did not sign it under oath. Officer Masino used her statement to obtain an arrest warrant for Plaintiff, but the arrest warrant was for Kal S. Mitchell, whom Plaintiff alleges is not him because as a Moorish American National, he goes by a different name. Judge Howard Freed signed the arrest warrant, and Plaintiff was arrested eight months later, which Plaintiff claims was a kidnapping.

In an exhibit attached to the complaint, a letter from Plaintiff to his defense attorney, he stated that by breaking the door jamb to gain entrance to the home, at most, this was criminal mischief, not burglary. (ECF No. 1 at 20-21.) He also alleges that breaking the screen of his fiancée's cellphone should have resulted in a lesser charge because the repairs were less than $500. Plaintiff was ultimately charged with ten offenses, which he claims was an exaggeration of his fiancée's description of the events. (*Id.* at 20.)

Plaintiff further alleges that his first court appearance was before Judge Nancy Ridgeway, and the court did not have jurisdiction over him because he is a Moorish American National.  Head prosecutor Cary Shill and Assistant Prosecutor David C. Little "rubber-stamped" Plaintiff's indictment, although Plaintiff's fiancée brought a written, sworn affidavit to the Atlantic County Prosecutor's Office, stating the incident with a knife, assault and choking never happened. Prosecutor Harlee Stein threatened Plaintiff with a seven-year prison sentence.

When Plaintiff tried to call his fiancée from Atlantic County Justice Facility twenty-two times, prosecutors charged him with violating a restraining order and tampering with a witness. Plaintiff alleges he was calling about his daughter's health. Nonetheless, Judge Nancy Ridgeway denied Plaintiff's request for pretrial release. Further, Plaintiff never agreed to be represented by Public Defender Kevin R. Moses, whom Plaintiff alleges misdirected him "into jurisdiction of the court," but Plaintiff stands by his status as a Moorish American National exempting him from jurisdiction.

Plaintiff also alleges that on November 16, 2021, Detective Michelle E. London of the Atlantic County Prosecutor's Office confirmed that Plaintiff's fiancée had delivered his Moorish American National documents to the Atlantic County Prosecutors Office, and this advised them of the court's lack of jurisdiction over him. On February 22, 2022, Detective London charged Plaintiff with contempt and witness tampering, the charges were approved by Assistant Prosecutor Megan Moore, and probable cause was found by Judge Michelle Verno. On February 24, 2022, Lieutenant Patrick Robinson ("Officer Robinson") at Atlantic County Justice Facility served Plaintiff with these charges and forced him to provide his fingerprints.

B.   Analysis

Having reviewed Plaintiff's complaint, this Court will: (1) dismiss without prejudice the Fourth Amendment false arrest, false imprisonment[2] and malicious

---

[2] Plaintiff's allegation that Officers Akeret, Losasso and Epstein talked his fiancée into following them to the police department fails to state a Fourth Amendment false arrest/false imprisonment claim because Plaintiff does not allege they were involved in his arrest without probable cause. Regarding the false arrest/false imprisonment claim against Officer

5

prosecution³ claims against Officers Akeret, Losasso, Epstein and Masino for failure to state a claim, (2) dismiss with prejudice the claims against Judge Nancy Ridgway, Judge Howard Freed and Judge Michelle Verno based on absolute judicial immunity;⁴ (3) dismiss with prejudice the Fourteenth Amendment malicious prosecution claims against Cary Shill, David C. Little, Harlee Stein and Megan Moore based on

---

Masino, "[c]ourts may consider exhibits attached to a complaint in determining whether the complaint fails to state a claim upon which relief may be granted. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). An exhibit to Plaintiff's complaint indicates that Plaintiff told his defense attorney that he was arrested on ten charges, but his conduct only supported lesser offenses. In analyzing false arrest claims, a court "to insulate a defendant from liability need find only that '[p]robable cause .... exist[ed] as to any offense that could be charged under the circumstances.'" *Johnson v. Knorr*, 477 F.3d 75, 84–85 (3d Cir. 2007) (quoting *Barna v. City of Perth Amboy*, 42 F.3d at 819.)) Plaintiff has not alleged that Officer Masino lacked probable cause to arrest on *any of the charges* supported by his affidavit for the arrest warrant, only those related to weapons and assault. Plaintiff may file an amended complaint if he has a factual basis to allege Officer Masino lacked probable cause on any of the charges. Plaintiff should be aware of the requirement in Federal Rule of Civil Procedure 11(b) that by signing the complaint he is representing to the Court that his claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

³ To maintain a "Fourth Amendment claim under § 1983 for malicious prosecution" the plaintiff … need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 212 L. Ed. 2d 382, 142 S. Ct. 1332, 1341 (2022). Plaintiff has not alleged that the criminal prosecution underlying his arrest on December 17, 2020, ended without a conviction. Additionally, this Court does not construe the complaint as alleging a Fourteenth Amendment fabrication of evidence claim because Plaintiff has not yet gone to trial. *See Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 69 (3d Cir. 2017) (noting that the Third Circuit has recognized stand-alone Fourteenth Amendment fabrication of evidence claims can be brought by convicted or acquitted defendants.)

⁴ Absolute judicial immunity "is overcome in only two sets of circumstances," nonjudicial actions and judicial actions taken in complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's claim that his status as a Moorish American National exempts him from jurisdiction of the courts is frivolous. *Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (quoting *United States v. Frazier–El*, 204 F.3d 553, 569 (4th Cir. 2000) ("The argument that Frazier–El sought to advance on his behalf [that the court lacked jurisdiction over him as a Moorish national] was indeed a frivolous one."))

prosecutorial immunity;[5] (4) dismiss with prejudice the Sixth Amendment ineffective assistance of counsel claims against Public Defender Kevin R. Moses Esq. because a public defender does not act "under color of law" when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding;[6] (5) dismiss with prejudice the claims against the State of New Jersey as barred by the Eleventh Amendment;[7] (6) dismiss without prejudice Plaintiff's Fourth Amendment false arrest and false imprisonment claims against Detective London, which appear to be based on Plaintiff's allegation that she knew Plaintiff is a Moorish American National;[8] and (7) dismiss with prejudice Plaintiff's Fourth Amendment unreasonable search claim against Lieutenant Robinson.[9]

---

[5] The preparation and filing of charging documents by a prosecutor is protected by absolute prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Indeed, all prosecutorial actions "intimately associated with the judicial phase of the criminal process" are protected by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[6] *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

[7] "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

[8] *See supra* n. 2, *Johnson v. Knorr*, 477 F.3d at 84–85 (3d Cir. 2007) (quoting *Barna*, 42 F.3d at 819.) Plaintiff may file an amended complaint if he can allege a factual basis that no probable cause existed to arrest him for contempt for violating a restraining order or for witness tampering. See *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)) ("Far from demanding proof of guilt beyond a reasonable doubt, '[p]robable cause exists if there is a 'fair probability' that the person committed the crime at issue.'")

[9] "[I]t is 'elementary' that blanket fingerprinting of individuals who have been lawfully arrested or charged with a crime does not run afoul of the Fourth Amendment. *United States*

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the complaint in part with prejudice and in part without prejudice.

An appropriate Order follows.

**Date: October 3, 2022**

---

*v. Mitchell*, 652 F.3d 387, 411 (3d Cir. 2011) (quoting *Smith v. U.S.*, 324 F.2d 879, 882 (D.C. Cir. 1963.)